UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES STEWART (#111347)**                                          CIVIL ACTION

**VERSUS**

**HOWARD PRINCE, ET AL.**                                              NO. 10-0477-RET-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES STEWART (#111347)**                            **CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE, ET AL.**                                    **NO. 10-0477-RET-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 18. This motion is opposed.

The pro se plaintiff, an inmate previously confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Major Craig Thomas and Lt. Marlon Stewart, complaining that his constitutional rights were violated on June 19, 2008, when he was subjected to excessive force by defendants Thomas and Stewart on that date.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of Legal Callout Logs for the dates of October 21, 2008, and July 6, 2009, and the affidavit of Demetrice Butler.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which

demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

In his Complaint, the plaintiff alleges that on June 19, 2008, a psychiatrist at EHCC ordered that the plaintiff be placed on "suicide watch" after he attempted to commit suicide on that date. The plaintiff was then placed in full restraints, and defendants Thomas and Stewart proceeded to escort the plaintiff to Unit No. 5 lockdown to be placed on "suicide watch". Upon arrival at Unit No. 5, however, defendants Thomas and Smith began beating the plaintiff until the plaintiff fell to the floor, after which the defendants allegedly continued to kick the plaintiff in his side and head.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are time-barred. This assertion appears to have merit.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his cause of action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980). In excessive force cases, a § 1983 cause of action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. See Singleton v. Crawford, 2009 WL 2762622 (W.D. La., Aug. 31, 2009), citing Helton v. Clements, 832 F.2d 332 (5th Cir. 1987).

In the instant case, the plaintiff knew of or should have known of the basis for his claim relative to the defendants' alleged use of excessive force on June 19, 2008, at such time as the force was allegedly employed. The mere fact that he did not know the extent of the injuries allegedly resulting from such use of force is not determinative. See Simms v. Harris, 2009 WL 1607906 (E.D. La., June 2, 2009) (holding that the plaintiff knew on the date of the alleged excessive force "of the existence of his injuries and the connection between those injuries and the actions of [the] defendant"); Darby v. Dallas County Sheriff, 2007 WL 2241751 (N.D. Tex., Aug. 3, 2007) ("While plaintiff may have been unaware of the full extent of his injury on July 4, 2004, that is the date he was aware of an injury and the date the limitations period began to accrue".). Ordinarily, therefore, any claim that the plaintiff had against these defendants would have prescribed by June 19, 2009, the one-year anniversary of the incident complained of. Inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, June 3, 2010, almost two years after the alleged assault, it appears that his claim is time-barred.[1]

Notwithstanding the foregoing, the plaintiff contends that he pursued an administrative grievance against prison officials relative to his claim of excessive force, and that in computing the applicable

---

[1] Although the plaintiff's Complaint was signed on July 16, 2008, and so is therefore considered filed on that date (employing the "mailbox rule" recognized in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and extended to statute-of-limitations determinations involving prisoner's pro se Complaints in Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995)), the plaintiff has submitted evidence suggesting that he made an earlier attempt to mail his federal Complaint to this Court on June 3, 2010, and that the mailing was directed to an improper address and so was never received. The Court has given the plaintiff the benefit of the doubt on this issue and has utilized the earlier June 3, 2010 date in making its calculations.

limitations period, this Court is obligated to take into account the time during which the plaintiff's administrative grievance procedure was pending within the prison system.  See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999) (holding that the pendency of a properly-filed administrative grievance procedure will act to toll the running of the one-year limitations period for a prisoner's claim).  The Court concludes, however, as discussed below, that even allowing for the time during which the plaintiff was pursuing his administrative remedies, his lawsuit in this Court is time-barred.

After the incident of alleged excessive force on June 19, 2008, the plaintiff waited until September 8, 2008, to submit his administrative grievance to prison officials.  Accordingly, a period of 81 days elapsed on the one-year clock.  When the plaintiff's administrative grievance procedure was thereafter concluded, upon his receipt of the final second-step response to his grievance on July 6, 2009, he then waited an additional 332 days, or until June 3, 2010, to file his federal Complaint in this Court.  Accordingly, it appears that more than one year, or 413 days, elapsed after the incident complained of before he filed his federal Complaint.  His claim, therefore, is time-barred.[2]

---

[2] As a separate attachment to his original Complaint, the plaintiff included a second "Complaint" wherein Governor Bobby Jindal and Secretary James LeBlanc are named as defendants.  Although these "defendants" were not served and so have not participated in the instant motion, this Court is authorized, pursuant to 28 U.S.C. § 1915(e), to dismiss an action or claim brought in forma pauperis if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  A claim is subject to dismissal under this statute if the claim lacks an arguable basis in either fact or law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  Applying this standard to the plaintiff's claims asserted against Governor Jindal and Secretary LeBlanc in the instant case, assuming that these persons have been properly named as defendants herein, these claims are subject to

**RECOMMENDATION**

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 18, be granted, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, January 26, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

dismissal for the same reason as are the claims asserted against the moving defendants. It would be a vain and useless undertaking by the Court to serve Governor Jindal and Secretary LeBlanc, only to have these defendants subsequently dismissed because the plaintiff's claims are time-barred. Accordingly, the plaintiff's claims asserted against Governor Jindal and Secretary LeBlanc should be dismissed as legally without merit pursuant to 28 U.S.C. §§ 1915(e).